**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                  No. CR 08-2936 JB

FELIPE DIAZ,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Felipe Diaz' Sentencing Memorandum In Support of His Plea Agreement and Objection to Presentence Report, filed March 23, 2011 (Doc. 442).  The Court held a sentencing hearing on May 12, 2011.  The primary issue is whether the Court should accept the plea agreement and the agreed-upon sentence of 37 months incarceration.   At the hearing, Defendant Felipe Diaz stated that the second addendum to the Presentence Investigation Report ("PSR") satisfied his objection to the PSR, so that he had no remaining objections to the PSR.  The Court will thus overrule Diaz' objection as moot.  The Court has reviewed the PSR with care.  There not being any remaining objections to the PSR's factual findings, the Court will adopt those as its own.  The Court has also considered the sentencing guideline applications in the PSR.  There not being any objections to those, the Court will adopt those as its own.  The Court has also considered the factors that 18 U.S.C. § 3553(a) sets forth. Defendant Felipe Diaz' offense level is 25 and his criminal history category is I, establishing a guideline imprisonment range of 57 to 71 months.  Under rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, however, the Court accepts the plea agreement, which includes a specific sentence of 37 months, because the Court is satisfied that the agreed-upon sentence varies for

justifiable reasons.  Diaz' plea agreement is part of a global plea resolution that Plaintiff United States of America offered to the Defendants who had not yet pled guilty.  This case has been going on for approximately two-and-a-half years and there was the prospect of significant additional litigation going forward.  The United States made a significant error in the initial interception of the communications where Diaz was incorrectly identified as his brother.  While the United States is satisfied and confident that the person who had previously been referred to as Esteban was indeed Diaz, this situation presents a significant weakness in the United States' case.  As with any wiretap case, the amounts of drugs about which the persons speak are open to interpretation.  The defense likely would not subscribe to the same interpretation as the United States.  The United States, for purposes of the plea agreement, used a conservative range in trying to gauge the culpability of Diaz. The United States used a weight of 2.75 grams, which resulted in an offense level of 28.  Giving 3 points for acceptance of responsibility, Diaz' offense level would be approximately 25.  The United States believed that Diaz was a minor participant in the conspiracy -- a money carrier for the drug organization.  Accordingly, treating him as a minor participant in the criminal enterprise, the United States reduced Diaz' offense level by another 2 levels.  Firearms were discovered pursuant to the arrest, but the United States is not alleging that they were involved in any way in the conspiracy by Diaz.  But for the presence of the firearms, Diaz would be safety valve eligible, and for purposes of negotiating the case and making a global resolution, the United States reduced Diaz' offense level by another 2 levels.  Further justifying a reduction of 2 levels is the fact that, in accepting the plea agreement, Diaz gave up a possibly meritorious challenge to the wiretap.  There was the prospect of suppression of the wiretap.  An offense level of 21 and a criminal history category of I would provide a guideline sentencing range of 37 to 46 months.  For these reasons, the Court believes that the agreed-upon sentence varies for justifiable reasons.

The Court notes that Diaz is a member of the Aispuro drug-trafficking organization and conspired to possess with intent to distribute at least 2.75 grams of methamphetamine.  The Court has considered the guideline sentence, but in arriving at its sentence, the Court has taken into account not only the guidelines, but other sentencing goals.  Specifically, the Court has considered the sentencing guideline range for the applicable category of offense committed by the applicable category of defendant.  After careful consideration of the PSR, the sentencing memorandum and objection, and addendum to the PSR, as well as the arguments the parties presented at the sentencing hearing, the Court concludes that the punishment that the guidelines set forth are not appropriate for this sort of offense.  The Court has then considered the kinds of sentences and ranges that the guidelines establish.  The agreed-upon sentence of 37 months in the plea agreement reflects the seriousness of the offense and promotes respect for the law.  Because of some of the factors Diaz mentioned in his sentencing memorandum -- such as Diaz' young age, his lack of criminal history points, and his sporadic involvement in the conspiracy -- and the weaknesses in the United States' case, the Court believes this sentence provides just punishment.  See United States v. Summers, 506 F. Supp. 2d 686, 698-99 (D.N.M. 2007)(Browning, J.)("The Court can, under 18 U.S.C. § 3553(a), take into account the problems with the United States' case."); United States v. Jiang, 376 F. Supp. 2d 1153, 1157-58 (D.N.M.2005)(Browning, J.)(granting a variance after examining the potential benefits to the United States and the public of going to trial); United States v. Stone, 374 F. Supp. 2d 983, 990 (D.N.M. 2005)(Browning, J.)(granting a variance after considering the United States' prospects at trial).  The Court is convinced that some punishment is appropriate in this case, and the Court believes that a 37 month sentence affords adequate deterrence and protects the public. Because of some of the condition that the Court will impose as part of supervised release, the Court believes that this sentence provides Diaz with some of the needed education, training, and care to

overcome the drug problems he has had in the past.  The Court believes that a sentence of 37 months

fully and effectively reflects each of the factors that 18 U.S.C. § 3553(a) embodies.  And while the

Court's task as a trial court is not to come up with a reasonable sentence, but to balance the 18

U.S.C. § 3553(a) factors correctly, see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir.

2007)("[A] district court's job is not to impose a reasonable sentence.  Rather, a district court's

mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the

purposes of section 3553(a)(2).")(citation omitted), the Court believes that this sentence balances

the factors in 18 U.S.C. § 3553(a) and is a reasonable sentence.  The Court concludes that this

sentence is sufficient without being greater than necessary to comply with the purposes set forth in

the Sentencing Reform Act.

      **IT IS ORDERED** that the request that the Court accept the plea agreement and the agreed-

upon sentence of 37-months incarceration in Defendant Felipe Diaz' Sentencing Memorandum In

Support of His Plea Agreement and Objection to Presentence Report, filed March 23, 2011 (Doc.

442), is granted, and the objection to the Presentence Investigation Report is overruled as moot.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Joel Myers
Cynthia L. Weisman
  Assistant United States Attorney
Albuquerque, New Mexico

     *Attorneys for the Plaintiff*

Kimberly A. Middlebrooks
Albuquerque, New Mexico

*Attorney for the Defendant*