# UNITED STATES DISTRICT COURT
**District of New Mexico**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Felipe Diaz** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **1:08CR02936-008JB**<br>USM Number: **48129-051**<br>Defense Attorney: **Kimberly Middlebrooks, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Information**
☐ pleaded nolo contendere to count(s)   which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 21 U.S.C. Sec. 846 | Conspiracy to Violate 21 U.S.C. Sec. 841(b)(1)(C) | 12/18/2008 | |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☒ Count **Indictment** is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**May 12, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**August 10, 2011**
Date Signed

Defendant: **Felipe Diaz**
Case Number: **1:08CR02936-008JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **37 months**.

**The Court has reviewed the Presentence Report ("PSR") with care. There not being any remaining objections to the PSR`s factual findings, the Court will adopt those as its own. The Court has also considered the sentencing guideline applications in the PSR. There not being any objections to those, the Court will adopt those as its own. The Court has also considered the factors that 18 U.S.C. § 3553(a) sets forth. Defendant Felipe Diaz` offense level is 25 and his criminal history category is I, establishing a guideline imprisonment range of 57 to 71 months. Under rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, however, the Court accepts the plea agreement, which includes a specific sentence of 37 months, because the Court is satisfied that the agreed-upon sentence varies for justifiable reasons. Diaz` plea agreement is part of a global plea resolution that Plaintiff United States of America offered to the Defendants who had not yet pled guilty. This case has been going on for approximately two-and-a-half years, and there was the prospect of significant additional litigation going forward. The United States made a significant error in the initial interception of the communications where Diaz was incorrectly identified as his brother. While the United States is satisfied and confident that the person who had previously been referred to as Esteban was indeed Diaz, this situation presents a significant weakness in the United States` case. As with any wiretap case, the amounts of drugs about which the persons speak are open to interpretation. The defense likely would not subscribe to the same interpretation as the United States. The United States, for purposes of the plea agreement, used a conservative range in trying to gauge the culpability of Diaz. The United States used a weight of 2.75 grams, which resulted in an offense level of 28. Reducing 3 offense levels for acceptance of responsibility, Diaz` offense level would be approximately 25. The United States believed that Diaz was a minor participant in the conspiracy -- a money carrier for the drug organization. Accordingly, treating him as a minor participant in the criminal enterprise, the United States reduced Diaz` offense level by another 2 levels. Firearms were discovered pursuant to the arrest, but the United States is not alleging that they were involved in any way in the conspiracy by Diaz. But for the presence of the firearms, Diaz would be safety valve eligible, and for purposes of negotiating the case and making a global resolution, the United States reduced Diaz` offense level by another 2 levels. Further justifying a reduction of 2 levels is the fact that, in accepting the plea agreement, Diaz gave up a possibly meritorious challenge to the wiretap. There was the prospect of suppression of the wiretap. An offense level of 21 and a criminal history category of I would provide a guideline sentencing range of 37 to 46 months. For these reasons, the Court believes that the agreed-upon sentence varies for justifiable reasons.**

**The Court notes that Diaz is a member of the Aispuro drug-trafficking organization and conspired to possess with intent to distribute at least 2.75 grams of methamphetamine. The Court has considered the guideline sentence, but in arriving at its sentence, the Court has taken into account not only the guidelines, but other sentencing goals. Specifically, the Court has considered the sentencing guideline range for the applicable category of offense committed by the applicable category of defendant. After careful consideration of the PSR, the sentencing memorandum and objection, and addendum to the PSR, as well as the arguments the parties presented at the sentencing hearing, the Court concludes that the punishment that the guidelines set forth are not appropriate for this sort of offense. The Court has then considered the kinds of sentences and ranges that the guidelines establish. The agreed-upon sentence of 37 months in the plea agreement reflects the seriousness of the offense and promotes respect for the law. Because of some of the factors Diaz mentioned in his sentencing memorandum -- such as Diaz` young age, his lack of criminal history points, and his sporadic involvement in the conspiracy -- and the weaknesses in the United States` case, the Court believes this sentence provides just punishment. See United States v. Summers, 506 F. Supp. 2d 686, 698-99 (D.N.M. 2007)(Browning, J.)("The Court can, under 18 U.S.C. § 3553(a), take into account the problems with the United States` case."); United States v. Jiang, 376 F. Supp. 2d 1153, 1157-58 (D.N.M.2005)(Browning, J.)(granting a variance after examining the potential benefits to the United States and the public of going to trial); United States v. Stone, 374 F. Supp. 2d 983, 990 (D.N.M. 2005)(Browning, J.)(granting a variance after considering the United States` prospects at trial). The Court is convinced that some punishment is appropriate in this case, and better than no sentence at all, and the Court believes that a 37 month sentence affords adequate deterrence and protects the public. Because of some of the condition that the Court will impose as part of supervised release, the Court believes that this sentence provides Diaz with some of the needed education, training, and care to overcome the drug problems he has had in the past. The Court believes that a sentence of 37 months fully and effectively reflects each of the factors that 18 U.S.C. § 3553(a) embodies. And while the Court`s task as a trial court is not to come up with a reasonable sentence, but to balance the 18 U.S.C. § 3553(a) factors correctly, see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted), the Court believes that this sentence balances the factors in 18 U.S.C. § 3553(a) and is a reasonable sentence. The Court concludes that this sentence is sufficient without**

**being greater than necessary to comply with the purposes set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98?473, 98 Stat.1987.**

☐    The court makes the following recommendations to the Bureau of Prisons:

☒    The defendant is remanded to the custody of the United States Marshal.
☐    The defendant shall surrender to the United States Marshal for this district:
        ☐    at  on
        ☐    as notified by the United States Marshal.
☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
        ☐    before 2 p.m. on
        ☐    as notified by the United States Marshal
        ☐    as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____ with a Certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Defendant: **Felipe Diaz**
Case Number: **1:08CR02936-008JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years** .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

Defendant: **Felipe Diaz**
Case Number: **1:08CR02936-008JB**

# SPECIAL CONDITIONS OF SUPERVISION

**The defendant shall not possess, have under his control, or have access to any firearm, ammunition, explosive device, or other dangerous weapons, as defined by federal, state, or local law.**

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting illegal narcotics and firearms at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**The defendant must refrain from the use and possession of alcohol and other forms of intoxicants. He must not frequent places where alcohol is the primary item for sale.**

**As to the following standard condition, it shall not apply to employers: as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant`s criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant`s compliance with such notification requirements.**

**The Defendant must participate in and successfully complete a substance abuse treatment program which may include drug testing or outpatient counseling. The Defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance testing device or procedure. The defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.**

Defendant: **Felipe Diaz**
Case Number: **1:08CR02936-008JB**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.
☐ The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | $100.00 | $0.00 | $0.00 |

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A  ☒  In full immediately; or
B  ☐  $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**Consistent with a stipulation in the Plea Agreement, the defendant forfeits his rights, title, and interest to all items listed in paragraph 10 of the plea agreement.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.